UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SATURNINO HERNANDEZ,<br><br>    Plaintiff,<br><br>v.<br><br>SAM'S WEST, INC. et al.,<br><br>    Defendants. | Case No. 2:23-cv-06715-SB-E<br><br><br>ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION |

    Plaintiff Saturnino Hernandez filed the complaint in this personal injury case in the Los Angeles Superior Court on September 21, 2022. Defendant Sam's West, Inc. filed a notice of removal on August 16, 2023. Dkt. No. 1.

    Federal courts are courts of limited jurisdiction, having subject matter jurisdiction over only matters authorized by the Constitution and Congress. *See e.g.*, *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). This Court has a duty to assess whether federal subject matter jurisdiction exists and may consider the issue sua sponte at any stage of the proceedings. *See Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1093 (9th Cir. 2004); *see also Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) (recognizing that "Article III generally requires a federal court to satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case").

    A federal district court has original jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a). Complete diversity means that each of the plaintiffs must be a citizen of a different state than each of the defendants. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). A party may remove an action if the federal

court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Defendant "always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Sam's removed this case on the basis of diversity jurisdiction. In its notice of removal, Sam's asserts that Plaintiff is a citizen of California, Dkt. No. 1 at 4, while it is a citizen of Arkansas, *id*. at 4–5. Sam's acknowledges that Plaintiff also brings this suit against Angelica Diaz, a California resident, but asserts that diversity jurisdiction is not destroyed because Diaz's citizenship can be ignored for two reasons: (1) she has not been properly served and thus her citizenship is irrelevant to removal under the forum-defendant rule; and (2) she has been fraudulently joined. *Id*. at 5.

Sam's first argument is based on a misunderstanding of the forum-defendant rule. Under § 1441(b)(2), a "civil action otherwise removable solely on the basis of jurisdiction under section 1332(a) . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought." Properly understood, this rule serves to limit—not expand—diversity jurisdiction. That is, the rule deprives a federal court of diversity jurisdiction in an "otherwise removable" case (i.e., one in which there is complete diversity of citizenship and more than $75,000 at issue) when that case is filed in the home state of a properly joined and served defendant. *See Ross v. United Airlines, Inc.*, 22-cv-01532-SB-GJS, 2022 WL 1302680, at *2 (C.D. Cal. Apr. 30, 2022) (analyzing the forum defendant rule and determining that it "serves as a limitation on removal rather than as an expansion of diversity jurisdiction."). That rule is inapplicable here because Plaintiff and Diaz are both citizens of California, and thus complete diversity of citizenship is lacking. For purposes of determining diversity jurisdiction under § 1332(a), the fact that Plaintiff had not yet served the non-diverse defendant at the time of removal is irrelevant. *See Clarence E. Morris, Inc. v. Vitek*, 412 F.2d 1174, 1176 (9th Cir. 1969) (holding that a court must consider the citizenship of an unserved defendant).

Sam's next argues that Diaz was fraudulently joined "solely for the purpose of attempting to destroy diversity jurisdiction." Dkt. No. 1 at 5. A court may disregard the citizenship of a fraudulently joined defendant. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009). "Joinder is fraudulent if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Id*. (cleaned up). "A defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a heavy burden since there is a general presumption against finding

fraudulent joinder." *Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (cleaned up).  Sam's alleges that Plaintiff "has asserted no facts to support any of [the] conclusory allegations" against Diaz.  Dkt. No. 1 at 6 (emphasis removed).  It further asserts that the "bare-bone allegations" cannot support a cause of action against Diaz.  *See id*.

The Court cannot determine on this record whether Diaz has been fraudulently joined as alleged.  Even if the pleading is deficient as claimed, this does not necessarily mean that Diaz has been fraudulently joined.  *See Grancare*, 889 F.3d at 550 (stating that "the district court must consider . . . whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend").

Accordingly, by September 6, 2023, Plaintiff shall either dismiss Diaz if she agrees that joinder is improper or move to remand the case.  Any opposition to a remand motion shall be filed by September 12, 2023, and any reply shall be filed by September 18, 2023.  If Plaintiff files a motion to remand, she shall set the hearing for September 29, 2023, at 8:30 am.  The September 15, 2023, status conference is continued to September 29, 2023.

IT IS SO ORDERED.

Date: August 29, 2023

                                                  Stanley Blumenfeld, Jr.
                                                  United States District Judge