UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SATURNINO HERNANDEZ,<br><br>　　　Plaintiff,<br><br>v.<br><br>SAM'S WEST, INC. et al.,<br><br>　　　Defendants. | Case No. 2:23-cv-06715-SB-E<br><br><br>ORDER TO SHOW CAUSE RE SANCTIONS |

　　　Plaintiff has disregarded numerous orders in the month and a half since this case has been removed. The Court now issues an order to show cause why monetary and other appropriate sanctions should not be imposed against Plaintiff and/or his counsel for these multiple violations. *See* Fed. R. Civ. P. 16(f).

　　　Almost a year after the complaint was filed, Defendant Sam's West, Inc. removed the case, asserting that diversity jurisdiction existed because Defendant Angelica Diaz had been fraudulently joined. Dkt. No. 1. On August 29, 2023, the Court issued an order to show cause re subject matter jurisdiction, ordering Plaintiff to either dismiss Defendant Angelica Diaz or move to remand the case to state court by September 12, 2023. Dkt. No. 11. The Court continued the mandatory scheduling conference (MSC) to September 29, 2023, the same date that Plaintiff's remand motion, if filed, would be heard. *Id*. Pursuant to the Court's order setting the MSC, the parties were ordered to file a Joint Rule 26(f) report by September 5, 2023. Dkt. No. 8.

　　　Plaintiff failed to comply with the Court's August 29 order that he dismiss Diaz or move to remand by September 12. Instead, Plaintiff appears to have moved to dismiss Diaz in state court after the case was removed to federal court.

1

Dkt. No. 13.  This is plainly improper because the state court has no jurisdiction to act after removal to federal court.  Thus, Diaz is still a nondiverse party to this case.

Next, Plaintiff failed to participate in good faith in preparing the Joint Rule 26(f) report filed before the MSC.  The Court requires the parties to file a joint report and sets forth in detail the topics that must be addressed.  Dkt. No. 8 at 3–7.  Plaintiff is responsible for drafting the report, unless the parties agree otherwise.  *Id*. at 3.  In any event, the report must be a joint submission following the parties' meet and confer.  From the face of the report, it is obvious that it was not a joint submission—particularly given its numerous references to Defendant Sam's West's position, devoid of any reference to Plaintiff's position.  At the MSC, defense counsel confirmed that Plaintiff's counsel did not meaningfully participate in the process and merely made one last-minute administrative change.

Plaintiff's approach to the MSC follows what appears to be a concerning pattern.  The Court's MSC Order required lead counsel to attend the MSC.  *Id*. ("Lead trial counsel must attend the scheduling conference, unless excused by the Court for good cause shown in a declaration attached to the Report.").  The same order required lead counsel to appear in person.  *Id*. ("Remote appearances are not permitted except for good cause shown in a declaration attached to the Report.").  Raymond Ghermezian is designated lead counsel in this case, yet he did not appear, and he did not request that another lawyer be permitted to attend in his place.  Instead, Plaintiff sent another lawyer who is not even on the docket as counsel of record for Plaintiff, who was not granted permission to appear remotely, who had not read the Court's orders, and who was not prepared to address even basic questions about the case (e.g., whether the dismissal of Diaz occurred before or after the notice of removal).

Accordingly, Plaintiff is ordered to show cause at an in-person hearing on October 6, 2023, at 8:30 a.m. in Courtroom 6C why he and/or his counsel should not be sanctioned pursuant to Federal Rule of Civil Procedure 16(f) for failing to appear or failing to be substantially prepared to participate in a scheduling conference and for "fail[ing] to obey a scheduling or other pretrial order."  Plaintiff shall file a written response to this order, supported by a declaration of counsel, not later than 9:00 a.m. on Wednesday October 4, 2023.  In its written response, counsel shall address the above misconduct and shall state whether he has ever

been the subject of court discipline, including but not limited to sanctions or admonishments for failure to comply with court rules or orders or failure to appear at a hearing or conference. Counsel shall also meet and confer with defense counsel in an attempt to agree to the costs the defense incurred in appearing at an MSC that had to be continued because of Plaintiff (as the Court will consider, among other sanctions, imposing those costs on Plaintiff and/or his counsel). Plaintiff's counsel also shall disclose the results of the meet and confer in the October 4 report.

      IT IS SO ORDERED.

Date: September 29, 2023

                                                  Stanley Blumenfeld, Jr.
                                                  United States District Judge